1  McGREGOR W. SCOTT
   United States Attorney
2  KRISTI C. KAPETAN
   Assistant U.S. Attorney
3  Federal Courthouse, Suite 4401
   2500 Tulare Street
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            )    1:03-CV-6873-REC-LJO
                                        )
12              Plaintiff,              )    FINAL JUDGMENT OF FORFEITURE
                                        )
13        v.                            )
                                        )
14 REAL PROPERTY LOCATED IN             )
   FRESNO COUNTY, COMMONLY              )
15 KNOWN AS 16178 S. DEL REY            )
   AVENUE, KINGSBURG, CALIFORNIA;       )
16 APN: 393-151-04,  Including          )
   Appurtenances and Improvements Thereto; )
17                                      )
   REAL PROPERTY LOCATED IN SAN         )
18 BENITO COUNTY, COMMONLY              )
   KNOWN AS 29401 AIRLINE               )
19 HIGHWAY, PAICINES, CALIFORNIA,       )
   APNs: 028-080-003, 028-110-014, 028- )
20 130-001, 028-130-019, 028-130-020,   )
   Including Appurtenances and          )
21 Improvements Thereto; and            )
                                        )
22 REAL PROPERTY LOCATED IN SAN         )
   BENITO COUNTY, COMMONLY              )
23 KNOWN AS 29402 AIRLINE               )
   HIGHWAY, PAICINES, CALIFORNIA,       )
24 APNs:  028-080-003, 028-110-014, 028- )
   130-001, 028-130-019, 028-130-020,   )
25 Including Appurtenances and          )
   Improvements Thereto;                )
26                                      )
                Defendants.             )
27 _____ )

28        Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against certain real property listed in the caption above. The real property is more particularly described as:

    a. 16178 S. Del Rey Avenue, Kingsburg, California, APN: 393-151-04, together with all appurtenances and improvements thereto; title to which is held by Robert S. Edwards, a married man, as his sole and separate property, more particularly described in Exhibit A attached hereto (hereafter referred to as the "Del Rey property"); and

    b. 29401 Airline Highway, Paicines, California; and 29402 Airline Highway, Paicines, California;  APNs:  028-080-003, 028-110-014, 028-130-001, 028-130-019, 028-130-020, together with all appurtenances and improvements thereto, titles to which are held by Robert S. Edwards, a married man, as his sole and separate property, more particularly described  in Exhibit B attached hereto  (hereafter referred to as the "Airline Highway properties").

2. A Complaint for Forfeiture In Rem was filed on December 17, 2003, seeking the forfeiture of the defendant real properties, alleging that said real properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3. On or about January 5, 2004, the defendant Del Rey property was posted with a copy of the complaint and notice of complaint.  On or about December 30, 2003, the defendant Airline Highway properties were posted with a copy of the complaint and notice of complaint.

4. On February 2, 2004, a Notice of Complaint For Forfeiture of defendant real properties appeared by publication in The Business Journal (Fresno County) and the Evening Free Lance (San Benito County), newspapers of general circulation in the county in which the defendant real properties are located.  The Declarations of Publication were filed on March 15, 2004 and March 29, 2004.

5. In addition to the Public Notice of Posting having been completed, actual notice was acknowledged by the following:

    a. Robert S. Edwards

    b. Fernando Jimenez

2

1       c. Bernard Fieber

2       d. Melissa Edwards[1]

3       e. John Brown[2]

4     6. Robert S. Edwards filed an answer to the complaint.  Fernando Jimenez and Bernard

5 Fieber filed claims and answers.

6     7. No other parties have filed claims or answers in this matter and the time for which any

7 person or entity may file a claim and answer has expired.

8     Based on the above findings, and the Court being otherwise fully advised in the premises,

9 it is hereby

10     ORDERED AND ADJUDGED:

11     8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and

12 between the parties to this action.

13     9. In that Stipulation, Claimant Robert S. Edwards agreed to pay to the United States the

14 sum of $100,000.00 within thirty (30) days from signing the Stipulation For Final Judgment of

15 Forfeiture.  The government agreed to allow Robert S. Edwards to refinance the defendant

16 Airline Highway properties and pay off the existing loan in full to Fernando Jimenez, provided

17 the refinance could be completed within thirty (30) days from the date of signing the Stipulation

18 For Final Judgment of Forfeiture.  The United States provided Fidelity National Title Company

19 with  a release of Lis Pendens which was recorded with the close of escrow.  On or about

20 February 15, 2006, the United States Marshals Service received check number 0101017260 in

21 the amount of $100,000.00 from Fidelity National Title Company.  Said $100,000.00 shall be

22 substituted as the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. §

23 881(a)(7), to be disposed of according to law.

24     10. The United States has been informed by Fidelity National Title Company that lien

25 _____

26    [1] A Clerk's Entry of Default was entered April 9, 2004 against Melissa Edwards.

27    [2] A Clerk's Entry of Default was entered April 9, 2004 against John Brown.

28                                                3

holders Fernando Jimenez and Bernard Fieber were paid in full through the close of escrow. Attached as Exhibit C is a letter that the United States received on March 3, 2006, which states what liens were paid in escrow.  The United States has agreed to forego any further action against the defendant real properties based on the facts alleged in the Complaint.

11.  Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting of the defendant real properties or the forfeiture of the sub *res* in lieu of the defendant real properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or forfeiture, as well as to those now known or disclosed.  The parties to this stipulation waive the provisions of California Civil Code §1542.

12.  There was reasonable cause for the posting of defendant real properties, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

13.  All parties are to bear their own costs and attorneys' fees, except as provided for herein.

SO ORDERED THIS __7TH__ day of ___March_____, 2006.

__/s/ ROBERT E. COYLE
ROBERT E. COYLE
United States District Judge


CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real properties.

DATED__March 7, 2006_                         _/s/ ROBERT E. COYLE_____
                                              ROBERT E. COYLE
                                              United States District Judge

4

**Exhibit A**

(Real property located at 16178 S. Del Rey Avenue, Kingsburg, California)

Beginning at a point on the West line of Section 33, Township 16 South, Range 22 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and distant thereon 916.75 feet Southerly from the Northwest corner thereof and running thencece East and parallel to the South line of the Northwest quarter of said Section 33, a distance of 662.44 feet to a point; thence South 28º 48' East 197.34 feet to a point; thence South 24º 00' East 100.32 feet to a point; thence South 11º 29' West 73.92 feet to a point; thence South 60º 55' West 42.24 feet to a point; thence North 82º 02' West 239.58 feet to a point; thence South 31º West 14.73 feet to a point; thence South 89º 45' West 500.16 feet a little more or less to a point on the West line of said Northwest quarter of Section 33; thence North 0º 13' West along said West line 338.4 feet to the Point of Beginning.

APN: 393-151-04